INTERSTATE SANITATION COMMISSION, PLAINTIFF-RE-SPONDENT, v. TOWN OF WEST NEW YORK IN THE COUNTY OF HUDSON, CITY OF UNION CITY IN THE COUNTY OF HUDSON, TOWNSHIP OF WEEHAWKEN IN THE COUNTY OF HUDSON, AND JOINT MEETING OF THE CITY OF UNION CITY, THE TOWN OF WEST NEW YORK AND THE TOWNSHIP OF WEEHAWKEN, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued August 6, 1951—Decided September 10, 1951.

Before Judges LEYDEN, DANIEL J. BRENNAN, and SCHET-TINO.

*Mr. J. Raymond Tiffany* argued the cause for plaintiff-respondent.

*Mr. Samuel L. Hirschberg* argued the cause for defendants-appellants (*Mr. Anthony J. Armore,* attorney for Joint Meeting, *Mr. Cyril J. McCauley,* attorney for City of Union City, *Mr. James Rosen,* attorney for Township of Weehawken and Joint Meeting).

Per Curiam. Defendants applied to the Superior Court, Chancery Division, for an order postponing the time for compliance with a final decree of the former Court of Chancery entered on May 15, 1948, directing defendants to cease the pollution of the waters of the Interstate Sanitation District, which order was affirmed with modifications by our Supreme Court. See *Interstate Sanitation Commission v. Township of Weehawken et al.,* 141 *N. J. Eq.* 536 (*Ch.* 1948); 1 *N. J.* 330 (1949).

The decree ordered the cessation of pollution by May 15, 1951, and directed defendants to submit to plaintiff a comprehensive report of the method by which they intend to comply with the restraint on or before May 15, 1949, and to enter into necessary contracts for the construction of appropriate sewage treatment works or other devices on or before May 15, 1950.

Defendants have not complied with the decree. The application to the trial court involved on this review was predicated in substance upon the claim that the bids received greatly exceeded the defendants' engineering estimates and hence were rejected; and that there is a national emergency which would probably make the necessary materials unavailable. It was stipulated that there was no restriction set up by any governmental agency preventing compliance with the decree, although it was conceded by plaintiff that there may be some delay in obtaining delivery of some of the materials. On this review defendants state in their brief that on May 3, 1951, after the entry of the present order appealed from, the Office of Defense Mobilization issued a circular letter apparently requesting municipalities to defer public works involving $1,000,000 or more "if not urgently needed for the pres-

ervation of public health and safety." With respect to this added circumstance it is enough to note that there is still no federal directive conflicting with the prosecution of the project which our courts have found to be vitally concerned with public health and safety.

■ Defendants have made no showing entitling them to relief from the decree. The increase in cost is not a compelling consideration in the circumstances of the case. It would be idle for courts to speculate as to the future course of prices. Delays in obtaining some materials do not warrant relief from a decree which by its terms should have been performed by this time. We think the order under appeal is in all respects proper.

Judgment is affirmed.